THE STATE OF KANSAS v. JAMES BLAKESLEY.

TRESPASS—*Sufficient Complaint.* A complaint, filed under ₰1, chapter 113, Comp. Laws of 1885, charging one B. with having, on October 11, 1887, in the county of Saline and state of Kansas, unlawfully cut down grass in which he, the said B., had no interest, or right, said grass standing upon land not belonging to said B., but being the property of O., and being the southwest quarter of section two, township fourteen south, of range five, west of the sixth principal meridian, is sufficient, under the statute. (*The State v. Armell,* 8 Kas. 288.)

*Appeal from Saline District Court.*

ON October 12, 1887, O. P. Bicknell filed with A. Wellington, a justice of the peace of Saline county, the following affidavit and complaint:

"STATE OF KANSAS, COUNTY OF SALINE, SS.: O. P. Bicknell, of lawful age, being first duly sworn, deposes and says, that one James Blakesley, on or about the 11th day of October, 1887, in the county of Saline and state of Kansas, did then and there unlawfully cut down grass in which he, the said James Blakesley, had no interest or right, said grass standing upon land not belonging to said James Blakesley, but being the property of O. P. Bicknell, and being the southwest quarter of section two in township fourteen south, of range five, west of the sixth principal meridian, in Saline county, Kansas, contrary to the statute in cases made and provided, and against the peace and dignity of the state of Kansas.                    O. P. BICKNELL.

"Subscribed and sworn to before me, this 12th day of October, 1887.                            A. WELLINGTON,
                                        *Justice of the Peace.*"

Subsequently the case was taken upon appeal to the district court of Saline county.   On December 7, 1887, the attorneys for the defendant filed a motion to quash the complaint, upon the ground that it did not state facts sufficient to constitute an offense, under the laws of the state.   This motion was sustained.   *The State* excepted, and brings the case here.

*Joseph Moore*, county attorney, for appellant; *W. P. Quimby*, and *J. G. Mohler*, of counsel.

The opinion of the court was delivered by

HORTON, C. J.: This was a prosecution for a criminal offense—a misdemeanor—under § 1, chapter 113, Comp. Laws of 1885, for cutting down grass in which the defendant had no interest, or right, standing and being on land not his own. The action was commenced and tried before a justice of the peace; thence appealed to the district court.   In that court a motion to quash the complaint was sustained, and hence the appeal to this court is by the state.   The defendant has filed no brief, and we are not advised upon what grounds the court quashed the complaint.   We think it is sufficient: it is in the words of the statute.   This is good as a general rule, especially in cases of misdemeanor.   A statement of the value of the grass cut down is not required by the statute; and therefore it is not necessary to aver its value.   (*The State v. Armell*, 8 Kas. 288.)

The judgment of the district court will be reversed, and the cause remanded, with directions to overrule the motion to quash.

All the Justices concurring.